IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELLY R. DUNNING,   Case No. 1:19 CV 442

    Plaintiff,   OPINION & ORDER

-vs-

CORRINE SAVAGE, *et al.*,   JUDGE JAMES S. GWIN

    Defendants.

*Pro se* Plaintiff Kelly Dunning has filed this civil action against Corrine Savage and Jeremy Host for assault and battery, menacing, withholding personal property, and tampering with evidence. Plaintiff claims that Defendant Savage, her sister, assaulted her and improperly evicted her from the house in which Plaintiff was residing.[1] Plaintiff also has filed a motion to proceed *in forma pauperis*;[2] that motion is granted. For the following reasons, the complaint is dismissed.

## BACKGROUND

According to the complaint, and as best this Court can discern, on January 14, 2019, Defendant Savage, Plaintiff's sister, attempted to place an eviction notice on the door of the house

---

[1] (Doc. 1.)

[2] (Doc. 2.)

where Plaintiff was living.³ Plaintiff "went to get the notice" and got into a fight with her sister.⁴ The police arrived and arrested Plaintiff.⁵ Defendant Savage then changed the house's locks.⁶ When Plaintiff was released from jail, she was unable to enter the house to obtain her money and other possessions.⁷ Police later helped her get into the house.⁸

## DISCUSSION

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed.⁹ Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.¹⁰

To state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."¹¹ The "allegations must be enough to

---

³ (Doc. 1 at 2.)

⁴ (*Id*. at 2-3.)

⁵ (*Id*. at 4.)

⁶ (*Id*.)

⁷ (*Id*.)

⁸ (*Id*.)

⁹ *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

¹⁰ 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

¹¹ *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)).

raise a right to relief above the speculative level . . . ."[12] And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."[13]

Plaintiff's complaint must be dismissed. Federal courts, unlike state courts, have limited jurisdiction and may decide only those cases that the Constitution and Congress give the federal courts the power to resolve.[14] It is therefore "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[15]

Generally, federal courts are authorized to hear a case only when diversity of citizenship exists between the parties or when it raises a federal question.[16] Diversity of citizenship applies to cases of sufficient value between "citizens of different States."[17] To establish diversity jurisdiction, the plaintiff must show complete diversity between the parties; the plaintiff cannot be a citizen of the same state as any defendant.[18] The citizenship of a natural person equates to his or her domicile.[19]

---

[12] *Twombly*, 550 U.S. at 555.

[13] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[14] *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

[16] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[17] 28 U.S.C. § 1332(a)(1).

[18] *E.g., Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

[19] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[20] Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, courts may look past the words of the complaint to determine whether the allegations ultimately involve a federal question.[21] In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.[22]

Here, Plaintiff does not show that this Court has either diversity or federal-question jurisdiction. In her complaint, Plaintiff states that she and her sister reside in Cleveland, Ohio, and Defendant Host resides in Newburgh Heights, Ohio.[23] Plaintiff, therefore, has not shown that she is a citizen of a different state than Defendants, and this Court does not have subject matter jurisdiction based on diversity of citizenship.

---

[20] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

[21] *Ohio ex rel. Skaggs*, 549 F.3d at 475.

[22] *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

[23] Plaintiff makes no allegations of any kind against Defendant Host. Any claims against him, therefore, also are dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

Even liberally construing the complaint, Plaintiff also has failed to properly identify a federal question in this case. She does not assert a claim for violation of federal law and none is apparent on the face of the complaint. Assault and conversion are state law, not federal law, claims. This Court, therefore, also does not have federal-question jurisdiction over this matter.

### CONCLUSION

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 26, 2019            *s/ James S. Gwin*
                                          JAMES S. GWIN
                                          U.S. DISTRICT JUDGE